## BALTIMORE AND OHIO RAILROAD COMPANY
v.
## AMERICAN VISCOSE CORPORATION.
### Civ. A. No. 26938.

United States District Court
E. D. Pennsylvania.

Nov. 20, 1959.

John A. Shrader, Saul, Ewing, Remick & Saul, Philadelphia, Pa., for plaintiff.

John J. McDevitt, III, Philadelphia, Pa., for defendant.

WOOD, District Judge.

This is a suit by the Baltimore and Ohio Railroad Company against the American Viscose Corporation seeking indemnity or contribution from the defendant under the terms of a sidetrack agreement for losses sustained by the plaintiff. These losses were the result

of a law suit in a State Court in West Virginia in which an employee of the defendant recovered a judgment for $18,-000 against the plaintiff. The accident which gave rise to the law suit occurred on the plaintiff's sidetrack in the South Parkersburg plant of the defendant in West Virginia. The Railroad sought the aid of American Viscose in defending that suit, but American Viscose declined to participate.

Although the venue of this action by the Railroad against American Viscose is proper in the technical sense, American Viscose urges this Court to transfer the case to the Federal Court having jurisdiction over Parkersburg, West Virginia.[1] The basis of this contention is that the convenience of American Viscose will thus be served by making readily available to it the witnesses and judicial records and exhibits from the case against the Railroad. The Railroad's position is essentially that American Viscose did not worry about the inconvenience it caused the Railroad by not assisting in the defense of the original suit. Therefore, the Railroad argues, it may properly take advantage of its choice of a forum.

We agree with the Railroad. We see no serious obstacles present in retaining jurisdiction over this action. The Railroad has chosen the Eastern District of Pennsylvania as the place in which to bring this suit. The defendant's principal office is in Philadelphia. Furthermore, on the face of the record as it now stands, it appears that Pennsylvania law will govern the effect of the indemnity provisions of the sidetrack agreement.

Therefore, on this 20th day of November, 1959, it is ordered that the defendant's motion to transfer is hereby denied.

1. The motion is made under Section 1404 (a) of the Judicial Code (28 U.S.C. § 1404(a)), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."